FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 12 2020
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIFFANY MANSFIELD, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 4:20-cv-928-JM

This case assigned to District Judge Moody
and to Magistrate Judge Volpe

**FRIENDS FIRST, LLC** **DEFENDANT**

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Tiffany Mansfield ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Friends First, LLC ("Defendant"), does hereby state and allege as follows:

## I. JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated delivery drivers the legal minimum hourly wage and overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Arkansas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim herein occurred in the district.

## II. THE PARTIES

7. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff is an individual and resident of Pulaski County.

9. Defendant Friends First, LLC ("Friends First"), is a domestic limited liability company.

10. Defendant's registered agent for service of process in the State of Arkansas is Brent J. Medders, 9911 West Markham, Little Rock, Arkansas 72205.

## III. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Defendant operates several Domino's franchise locations.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

14. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

15. Defendant employed at least four individuals at all times in each of the three calendar years preceding the filing of this complaint.

16. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

17. At all relevant times, Defendant maintained control over labor relations, policies, and procedures at Defendant's store.

18. Defendant's restaurant employs delivery drivers.

19. Defendant has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated delivery drivers.

20. During all relevant times, Defendant exercised operational control over the delivery drivers at Defendant's store, including, but not limited to, control over recruiting and training of delivery drivers, compensation of delivery drivers, job duties of delivery drivers, reimbursements to delivery drivers, recruiting and training managers, design and layout of the restaurants, sales, and marketing programs, public relations programs, promotional services, appearance and conduct standards, inventory, and inventory controls.

21. Defendant has substantial control over Plaintiff's and other delivery drivers' working conditions, and over the policies and practices alleged herein.

22. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

23. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff and other delivery drivers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

24. During the period relevant to this lawsuit, Defendant classified Plaintiff and other hourly non-exempt from the overtime requirements of the FLSA and the AMWA.

25. At all times material herein, Plaintiff and other delivery drivers have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

26. Plaintiff currently is and has been employed by Defendant since March of 2020 as an hourly-paid delivery driver employee at Defendant's restaurant located at 1813 North 1st Street, Suite A, in Jacksonville.

27. Plaintiff and other delivery drivers employed by Defendant over the last three years have had essentially the same job duties, which were to deliver pizza and other food items to customers, and complete various tasks inside the restaurant when they were not delivering pizzas.

28. Plaintiff and the other delivery drivers at Defendant's restaurant work "dual jobs," specifically one where they deliver food and receive tips and another where they work inside the store completing non-tipped duties.

29. Defendant paid Plaintiff and other delivery drivers a rate at or close to minimum wage per hour for work performed while in the store.

30. Defendant paid Plaintiff and other delivery drivers less than minimum wage per hour plus a "tip credit" for all hours worked outside of the restaurant making deliveries.

31. Plaintiff and other delivery drivers would "clock out" from working inside the store and "clock in" as making deliveries when leaving the restaurant to make deliveries, thereby changing their hourly pay rate.

32. Defendant paid Plaintiff and other delivery drivers a rate of $5.00 per hour for hours they spent making deliveries.

33. Defendant requires delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

34. Defendant requires delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for delivery drivers to complete their job duties.

35. Pursuant to such requirements, Plaintiff and other similarly situated employees purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

36. Defendant does not track its delivery drivers' actual expenses, nor does it keep records of all of those expenses.

37. Defendant did not reimburse delivery drivers for their actual expenses.

38. Defendant did not reimburse delivery drivers at the IRS standard business mileage rate.

39. Defendant did not reimburse delivery drivers at a reasonable approximation of the drivers' expenses.

40. Defendant paid Plaintiff and other delivery drivers around $0.31 per mile, although this amount fluctuated throughout Plaintiff's employment with Defendant.

41. Plaintiff drove on average seventy-five (75) miles per 8-hour work shift, or 9.4 miles per hour.

42. In 2020, the IRS business mileage reimbursement has been $0.575 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. https://www.irs.gov/tax-professionals/standard-mileage-rates. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by approximately $0.27 ($0.575 - $0.31 = $0.265, rounded up to $0.27) per mile.

43. Thus, while making deliveries, Plaintiff has consistently "kicked back" to Defendant approximately $2.54 per hour ($0.27 x 9.4 miles per hour).

44. Based on the average estimates of miles driven per shift, Defendants under-reimbursed Plaintiff about $20.30 per work shift ($2.54 x 8 hours).

45. Defendant charges customers a delivery fee separate from the food charge, but the delivery charge is not paid to the driver. Upon information and belief, during the time period that Plaintiff was employed by Defendants, Defendants' stores charged a delivery fee of $3.49 per order.

46. As a result of the automobile and other job-related expenses incurred by Plaintiff and other delivery drivers, they were deprived of minimum wages guaranteed to them by the FLSA.

47. At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all delivery drivers.

48. All of Defendant's delivery drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage rate before deducting unreimbursed vehicle costs.

49. Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

50. Because Defendant paid its drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses and other job expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

51. Defendant has willfully failed to pay minimum wages to Plaintiff and similarly situated delivery drivers at Defendant's store.

52. Defendant willfully failed to pay overtime wages to Plaintiff and other and similarly situated delivery drivers who worked more than forty (40) hours in a week during the time period relevant to this Complaint.

53. Additionally, as of the date of the filing of this Complaint, Plaintiff has not received her paycheck for the first pay period in which she worked for Defendant.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

54. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wages for the first forty (40) hours worked each week;

B. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

C. Liquidated damages; and

D. Attorney's fees.

56. Plaintiff proposes the following collective under the FLSA:

**All delivery drivers in the last three years.**

57. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

58. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and

continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

59. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

B. They had substantially similar job duties, requirements, and pay provisions;

C. They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

D. They were subject to Defendant's common policy of not reimbursing delivery drivers for automobile expenses related to making deliveries for Defendant's restaurant; and

E. They did not receive a lawful minimum wage or overtime wage for the time spent making deliveries for Defendant's businesses.

60. Plaintiff's claims are essentially the same as those of the FLSA Collective.

61. Plaintiff is unable to state the exact number of potential members of the FLSA Collective but believes that the class exceeds one thousand (1,000) persons.

62. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

63. Defendant is aware or should have been aware that federal law required it to pay employees minimum wage for all hours worked and time-and-a-half overtime wages for hours worked in excess of 40 per week.

64. Defendant is aware or should have been aware that federal law required it to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs and gasoline for delivery drivers.

65. Defendant's unlawful conduct has been widespread, repeated, and consistent.

66. Defendant can readily identify the members of the collective, which encompasses all delivery driver employees of Defendant's restaurant within the three-year period preceding the filing of Plaintiff's Complaint.

67. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CAUSE OF ACTION
## (Individual Claim for Violation of the FLSA)

68. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

69. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

71. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

72. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

73. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

74. Defendant paid Plaintiff at or close to minimum wage for all hours worked; however, Defendant required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket and failed to properly reimburse Plaintiff for the expenses.

75. By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff to receive minimum wage and overtime pay at an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

76. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

**VI. SECOND CAUSE OF ACTION**
**(Individual Claim for Violation of the AMWA)**

78. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

80. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

81. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

82. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

83. Because Defendant required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendant failed to pay Plaintiff a minimum wage rate for all hours up to forty (40) in each one-week period and an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

84. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII. THIRD CAUSE OF ACTION
## (Collective Action Claim for Violation of the FLSA)

86. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

87. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

88. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

89. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

90. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x regular wages for all hours worked over forty

(40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

91. During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

92. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, and because Defendant required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendant failed to pay Plaintiff and the members of the FLSA collective a minimum wage rate for all hours up to forty (40) in each one week period and an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

93. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

94. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

95. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tiffany Mansfield, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. A declaratory judgment that Defendant's practices alleged herein violate the AMWA, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff and the proposed collective members under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

G. Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to

Plaintiff under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 216 in an amount equal to all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff and the proposed collective members during the applicable statutory period;

I. Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-218 and the relating regulations;

J. An order directing Defendants to pay Plaintiff and the collective members prejudgment interest, a reasonable attorney's fee, and all costs connected with this action; and

K. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TIFFANY MANSFIELD, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIFFANY MANSFIELD, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 4:20-cv-928-JM

**FRIENDS FIRST, LLC** **DEFENDANT**

**CONSENT TO JOIN COLLECTIVE ACTION**

I was employed as an hourly-paid delivery driver for Friends First, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

August 12, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**